## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARY PARR, ROBERT SWENSON,                    Civil No. 06-457 (DSD/SRN)
and ARLENE SWENSON,

        Plaintiffs,

LAKE ST. CROIX VILLAS
HOMEOWNERS ASSOCIATION, INC.,                 <u>REPORT AND
                                              RECOMMENDATION</u>

        Involuntary plaintiff,

v.

THEODOR PERLINGER, MARLENE
FEARING, HARVEY KOWALZEK,
PROGRESSIVE REAL ESTATE, INC.,
doing business in its own name and as
M.A. FEARING COMPANIES, INC.,
M.A. FEARING, INC., M.A. FEARING, LTD.
and M.A. FEARING INVESTMENTS,

        Defendants.

───────────────────────────────────────────────────────────────

Jon E. Kingstad, Esq. on behalf of Plaintiffs

Chad Lemmons, Esq. on behalf of Defendant Theodor Perlinger

James R. Doran, Esq. on behalf of Defendant Harvey Kowalzek:

Marlene Fearing, pro se

No counsel appeared for Defendants Progressive Real Estate, Inc. d/b/a M.A. Fearing

Companies, Inc., M.A. Fearing, Inc., M..A. Fearing, Ltd. and M.A. Fearing Investments

───────────────────────────────────────────────────────────────

SUSAN RICHARD NELSON, United States Magistrate Judge

      The above-captioned case comes before the undersigned on Plaintiffs' Motion to

Remand (Doc. No. 3).  This matter has been referred to the Court pursuant to 28 U.S.C.

§ 636 and District of Minnesota Local Rule 72.1.

I.    **BACKGROUND**

This action was commenced in Minnesota state court.  The original Complaint is

not part of the record before the Court.  The facts, however, are set forth by a March 15,

2005 opinion of the Minnesota Court of Appeals which reviewed the state trial court's

grant of declaratory relief for Plaintiffs:

> In May 2003, [Plaintiffs], the Lake St. Croix Villas Homeowners Association
> and several of its members, brought the present action against [Defendants]
> Marlene Fearing, M.A. Fearing, Progressive Real Estate, Transaction Real
> Estate, and other affiliated real estate interests, including owners who were
> renting out their units.  [Plaintiffs] alleged that [Defendants] were converting
> or attempting to convert the Lake St. Croix Villas from a common-interest
> senior housing development into a joint venture for real estate and rental
> property investment.  [Defendants] denied the allegations and asserted that
> the restrictive covenants regarding age and occupancy were illegal and
> unenforceable under federal and state law.
>
> On April 30, 2004, the district court ordered judgment on cross-motions for
> summary judgment. . . . The second issue on appeal is the court's grant of
> declaratory relief to the effect that the Lake St. Croix Villas were established
> and remain in compliance with state and federal law as "housing for older
> persons."

Parr v. Fearing, No. A04-1191, 2005 WL 626193, at *1 (Minn. Ct. App. Mar. 15, 2005),

rev. denied May 17, 2005, cert. denied, 126 S.Ct. 486 (2005).  The Minnesota Court of

Appeals affirmed the trial court's decision that the St. Croix Villas were created as part

of a "seniors community" restricted to persons age 55 and older and that the restrictions

set forth were valid under the federal Fair Housing Act and similar state law provisions.

(Id. at *4-*5.)

On September 27, 2005, after the Minnesota Supreme Court denied review of

the above decision, Plaintiffs assert they served on Fearing their Second Amended

Complaint (Doc. No. 1).  (See Pls.' Mem. at 3.)  On February 1, 2006, Defendant

Fearing, pro se, filed a Notice of Removal with the Clerk of Court of the District of

Minnesota.[1]  (Doc. Nos. 1-2.)  Fearing's removal notice states:

> Please be advised that Marlene Fearing has demanded removal of the above entitled matter to Federal District Court on Jurisdictional grounds founded on diversity of Citizenship and amount.   Defendant Fearing is a Citizen of Arizona and Plaintiffs are Citizens of Minnesota.  Defendant resides at 8851 N. Oracle Rd., Apt. 124, Oro Valley, AZ 85737.  Defendant Progressive Real Estate, Inc. is a Minnesota Corporation with its principal office located at 8851 N. Oracle Rd., Apt. 124, Oro Valley, AZ 85737.

> The matter in controversy exceeds exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.

> In addition the action arises under a federal statute, the fair housing act 42 United States Code Section 3601-3617.

(Doc. No. 1.)

The Second Amended Complaint contains three counts: (1) Breach of Fiduciary

Duty, Violations of Minnesota Common Interest Ownership Act, and Minnesota

Nonprofit Corporation Act; (2) Declaratory Judgment seeking, inter alia, a judgment that

the St. Croix Villas were created as part of a "seniors community" restricted to persons

age 55 and older and that the restrictions set forth were valid under the Minnesota

Human Rights Act and the federal Fair Housing Act; and (3) Recovery of Unpaid

Assets.  (Amend. Compl. at 3-10.)  Plaintiffs, residents of Lake St. Croix Villas in

Washington County, Minnesota, allege in their Second Amended Complaint that

Defendants Fearing, Perlinger, and Kowalzek are also residents of Minnesota and that

---

[1] On the same day, Fearing also filed a separate action in the United States District Court for the District of Minnesota in which she alleges the plaintiffs in this action along with other persons violated various federal constitutional protections owed her and others by participating in the same underlying factual dispute at issue here.  See Fearing v. Lake St. Croix Villas Homeowner's Ass'n, Civ. No. 06-456 JNE/JJG (D. Minn. action filed Feb. 1, 2006).

the corporate defendant Progressive Real Estate, Inc. is a Minnesota corporation with its principal place of business in Minnesota. (Id. at 1-3.) Along with her notice of removal, Fearing filed with this Court her Answer to the Second Amended Complaint and Counterclaim which is dated October 6, 2005 and in which Fearing admitted that she resided in Minnesota. (Answer at 3.) Fearing also admitted that Progressive Real Estate is a Minnesota corporation with its business office located in Minnesota. (Id.) According to Plaintiffs, prior to the filing of Fearing's February 1, 2006 Notice of Removal, the case was set for trial in Minnesota state court on February 27, 2006. (Pls.' Mem. at 3.)

## II.   DISCUSSION

A district court must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co ., 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). When reviewing a motion to remand, a court must resolve all doubts concerning federal jurisdiction in favor of remand. Id.

Section 1446(b) of Title 28 of the United States Code provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

> from which it may first be ascertained that the case is one which is or has
> become removable, except that a case may not be removed on the basis of
> jurisdiction conferred by section 1332 of this title more than 1 year after
> commencement of the action.

A diversity action cannot be removed to federal court if any defendant "is a citizen of the

State in which such action is brought."  28 U.S.C. § 1441(b).  As the trial judge in this

case, the Honorable District Court Judge David S. Doty, has stated previously:

> A defendant seeking to remove an action to federal court on the basis of
> diversity jurisdiction must normally demonstrate that diversity existed both at
> the time the action was filed and at the time removal is sought.  An exception
> to the rule requiring diversity both at the time of the filing of the complaint and
> at the time of removal, however, applies when the plaintiff takes some
> voluntary action subsequent to filing the complaint which creates diversity of
> citizenship amongst the parties.  This "voluntary-involuntary rule" was first
> recognized in <u>Powers v. Chesapeake & Ohio Ry. Co.</u>, 169 U.S. 92, 18 S.Ct.
> 264, 42 L.Ed. 673 (1898), and was incorporated into the United States Code
> in 1949 . . . . The purpose of this provision "is to recognize that the action as
> originally brought may not be removable, but that it may become so through
> some event occurring afterwards."  Courts have recognized the continued
> validity of the "voluntary-involuntary" rule after the enactment of § 1446(b).
> The rule is commonly used by a defendant seeking to remove a case to
> federal court when a plaintiff voluntarily dismisses a separate nondiverse
> defendant.

<u>Graff v. Qwest Commc'ns Corp.</u>, 33 F. Supp. 2d 1117, 1119 (D. Minn. 1999) (citations

omitted).

Here, Fearing alleges removal is proper under both federal question and diversity

jurisdiction.  (Doc. No. 1.)  The removal is improper for at least two procedural reasons.

First, Fearing's removal was untimely.  Either basis for removal she cites requires that

notice of removal be filed within thirty days either after service of the initial complaint if

removable or within thirty days after service of an amended complaint that is removable.

<u>See</u> 28 U.S.C. § 1446(b).  Plaintiffs contend without rebuttal by Fearing that they served

their Second Amended Complaint on Fearing on September 27, 2005.[2]  (Pls.' Mem. at 3.)  If this assertion is true, Fearing's removal notice was due thirty days later, in October 2005.  Furthermore, Fearing's Answer to the Second Amended Complaint and Counterclaim is dated October 6, 2005 (Doc. No. 2), so it is reasonable to assume that by that date she had either been properly served with the Second Amended Complaint or had submitted to the Court's jurisdiction by her affirmative act of answering the Amended Complaint.  Peterson v. Eishen, 512 N.W.2d 338, 340 (Minn. 1994) (noting that generally, "a defendant submits to the jurisdiction of the court, although improperly served . . . where the defendant has taken some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction").  Therefore, at the latest, a timely notice of removal would have had to have been filed by November 7, 2005.  Fearing, however, filed her notice of removal approximately three months later on February 1, 2006, just twenty six days before the trial of the matter.  (See Doc. No. 1.)  Therefore, she failed to comply with the terms of 28 U.S.C. § 1446(b) and her notice of removal was untimely.

Second, not all of the defendants consented to the removal.  "Generally, all defendants must consent to a removal petition to effect proper removal."  Bradley v. Md. Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967).  "It is settled law that a corporation may be represented only by licensed counsel."  Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) (per curiam).  "The corporation must be represented by counsel 'regardless of whether the person seeking to represent the corporation is a director,

---

[2] Fearing concedes she was served with the lawsuit but does not indicate when she was served.  (Fearing Response at 2.)

6

officer or shareholder.'" <u>Ebersen, Inc. v. City of Minneapolis</u>, Civ. No. 03-6482

RHK/AJB, 2004 WL 483165, at *1 (D. Minn. Mar. 11, 2004) (citation omitted).  "This rule

applies regardless of whether the individual is the corporation's sole owner or

shareholder." <u>Topside, Inc. v. Topside Roofing and Siding Const. Inc.</u>, Civ. No. 01-0038

ADM/AJB, 2001 WL 420159, at *2 (D. Minn. 2001).  Fearing cannot represent

Progressive Real Estate, Inc., and no other counsel of record is listed for the

corporation.  Therefore, Progressive Real Estate, Inc. could not have consented to the

removal, and Fearing's removal is defective.

Furthermore, even if her notice of removal had been timely filed, the Court finds

that Fearing has failed to show that this Court has either diversity or federal question

jurisdiction over the state court action.  Removal based on diversity is unwarranted for

at least two reasons.  First, in her Answer to the Second Amended Complaint, Fearing

expressly admitted that she resided in Minnesota and that her company Progressive

Real Estate, Inc. was a Minnesota corporation with its business office located in

Minnesota.  (Answer at 3.)  Fearing now argues that she only resides in Minnesota for

three summer months—June, July, and August—and spends the remainder of her time

in Arizona.  (Fearing Response at 2.)  She also contends that Progressive Real Estate's

business office is now located in Arizona.  (<u>Id.</u> at 1-2.)  The Court notes that it was

October 2005 when Fearing represented in her Answer to the Second Amended

Complaint that she resided in Minnesota.  Her assertion that she resides in Minnesota in

October is an admission which directly contradicts the argument she now makes,

without any supporting evidence, that when she answered the Second Amended

Complaint in October 2005 she resided in Arizona.  (<u>Id.</u>)  While the Court recognizes

7

that one may reside temporarily in one place but remain a domiciliary of another, Fearing's own representations suggest she was a domiciliary of Minnesota, not Arizona at the time she answered the Second Amended Complaint.  The same citizenship doubt exists as to her business, co-defendant Progressive Real Estate, Inc., for the same reasons set forth above and because Fearing concedes that Progressive Real Estate is incorporated in Minnesota, thus making it a citizen of Minnesota.  (Answer at 3; Fearing Response at 2.)  The Court finds that Fearing has failed to show that, when she answered the Second Amended Complaint, complete diversity between the parties existed.  If subsequently complete diversity has been created, it has been through the actions of Fearing, not of Plaintiffs, thus, the "voluntary-involuntary rule" exception does not apply.  Second, because Fearing fails to counter the record which suggests that Fearing, Progressive Real Estate, Inc., or both defendants are citizens of Minnesota, any removal based on diversity fails because a diversity action cannot be removed to federal court if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  Fearing has also failed to show: that the state court declaratory judgment claim is a proper basis for federal question jurisdiction, that the declaratory judgment claim remains in this suit given the state court actions disposing of that matter, or that she has some independent federal claim before the Court.

The Court resolves the doubts it has about removal jurisdiction in favor of remand.  In re Bus. Men's Assurance Co ., 992 F.2d at 183.  Given the above, the Court finds that Fearing has not shown her removal notice meets the statutory requirements or that this Court has subject matter jurisdiction over the above-entitled action.  Id. Therefore, the Court recommends remanding the entire action to the state court.

8

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

       1.      Plaintiffs' Motion to Remand (Doc No. 3) be **GRANTED**.

Dated: May 3, 2006

                         s/ Susan Richard Nelson
                        SUSAN RICHARD NELSON
                        United States Magistrate Judge

Under D. Minn. L.R. 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 19, 2006, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Any party wishing to oppose such objections must file and serve all parties with its response.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.