```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
               Civil No. 06-457(DSD/SRN)
```

Mary Parr, Robert Swenson,
and Arlene Swenson,

        Plaintiffs,

Lake St. Croix Villas
Homeowners Association, Inc.,

        Involuntary Plaintiff,

v.                                                 **ORDER**

Theodor Perlinger, Marlene
Fearing, Harvey Kowalzek,
Progressive Real Estate, Inc.,
doing business in its own name and
as M.A. Fearing Companies, Inc.,
M.A. Fearing, Inc., M.A. Fearing,
Ltd. and M.A. Fearing Investments,

        Defendants.

This matter is before the court upon pro se defendant Marlene Fearing's objection to the report and recommendation of United States Magistrate Judge Susan Richard Nelson, dated May 3, 2006.[1] In her report, the magistrate judge recommended that plaintiffs'

---

[1] Objections to the report and recommendation were to be filed with the clerk of court and served on all parties by May 19, 2006. (See R&R at 9.) On May 22, 2006, the court adopted the magistrate judge's recommendation, no objections having been filed with the clerk of court. However, following entry of that order, the court received Fearing's objections. Although Fearing did not timely file her objections with the clerk of court, she did timely serve those objections on all parties. See Fed. R. Civ. P. 5(b)(2)(B) (service by mail complete on mailing). Therefore, the court vacates its order dated May 22, 2006, and reviews the merits of Fearing's objections as set forth herein.

motion to remand this case to Washington County District Court should be granted.

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). The magistrate judge concluded that Fearing's removal of this matter was procedurally improper on two grounds. First, Fearing did not remove this action within thirty days after being served with the second amended complaint, as required by 28 U.S.C. § 1446(b). Second, even if Fearing had timely removed this matter, the magistrate judge found that the removal is nonetheless defective because she did not obtain the consent of all defendants prior to removal. See Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (rule of unanimity). The magistrate judge further concluded, in the alternative, that even if the removal was not procedurally defective, Fearing has not met her burden to establish federal jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (party opposing remand has burden to establish jurisdiction).

In her objections Fearing argues, among other things, that removal was proper under 28 U.S.C. § 1443 and that the magistrate judge incorrectly concluded that she has not established federal jurisdiction under 28 U.S.C. §§ 1331 or 1332. Fearing does not, however, set forth any argument regarding her failure to comply with the thirty-day time limitation set forth in 28 U.S.C.

§ 1446(b).  See Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997) (removals pursuant to 28 U.S.C. § 1443 subject to thirty-day time limit of 28 U.S.C. § 1446(b)).  The magistrate judge correctly concluded that the latest date by which Fearing could have timely removed this matter was November 7, 2005. (See R&R at 6.)  Fearing did not file a notice of removal to this court until February 1, 2006.  Therefore, defendant's untimely notice of removal warrants a remand.  See Neal, 112 F.3d at 355.

Furthermore, the magistrate judge correctly concluded that even if Fearing had timely filed the notice of removal, she is not a licensed attorney and may not represent the corporate defendant, Progressive Real Estate Inc., or consent to removal on its behalf. See Simitar Entm't, Inc. v. Silva Entm't, Inc., 44 F. Supp. 2d 986, 990 (D. Minn. 1999) ("Even sole shareholders of corporations are prohibited from representing such corporations pro se.")  Fearing's willingness to now obtain counsel to represent Progressive Real Estate does not retroactively cure the lack of consent to removing this matter to federal court.  Based on the above, the court concludes that both of the procedural grounds set forth by the magistrate judge warrant a remand.  As a result, the court declines to address the merits of Fearing's jurisdictional arguments.

After a thorough review of the entire file and record, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly applies the law governing

plaintiffs' motion to remand.  Therefore, the court adopts the report and recommendation of the magistrate judge.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The court's prior order adopting the report and recommendation [Doc. No. 13] is vacated.

2. Plaintiffs' motion to remand [Doc. No. 3] is granted.

3. This matter is remanded to Washington County District Court; the Clerk of this Court shall mail to the Clerk of Washington County District Court a certified copy of this remand order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 23, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court
